McCANDLESS LAW ASSOCIATES, P.C.
BY: Edward L. McCandless, Esquire
Identification No: 21240
1700 Sansom Street
12th Floor
Philadelphia, Pennsylvania  19103-5215
(215)  832-1000
Our File No:  20,948

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE CO. | : | |
| 414 W. Pittsburgh St. | : | |
| Greensburg, PA  15602 | : | |
| | : | |
| v. | : | C.A. No: |
| | : | |
| KEMPER CASUALTY COMPANY | : | |
| 1 Kemper Drive | : | |
| Long Grove, ILL 60049 and | : | |
| KEMPER CASUALTY INSURANCE COMPANY | : | |
| 1 Kemper Drive | : | |
| Long Grove, ILL 60049 and | : | |
| KEMPER INSURANCE COMPANIES | : | |
| 1 Kemper Drive | : | |
| Long Grove, ILL 60049 and | : | |

### COMPLAINT

1. Plaintiff is an insurance company authorized to conduct business in the Commonwealth of Pennsylvania and organized within the laws of the Commonwealth of Pennsylvania and is a citizen of Pennsylvania.

2. Defendant Kemper Insurance Companies is a corporation with its principal place of business in the state of Illinois and organized pursuant to the laws of a state other than Pennsylvania.

3. Defendant Kemper Casualty Company is a corporation with its principal place of business in the state of Illinois and organized pursuant to the laws of a state other than Pennsylvania.

4. Defendant Kemper Casualty Insurance Company is a corporation organized under the laws of the state of Illinois with its principal place of business in the state of Illinois.

5. This is a declaratory judgment action brought pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.

6. Jurisdiction in this Court is based upon diversity of citizenship and an amount in controversy in excess of $75,000.00 exclusive of interest and costs pursuant to 28 U.S.C. §1332, between Plaintiff, a citizen of Pennsylvania and the Defendants, citizens of states other than Pennsylvania.

7. On September 29, 1996 Ryder Integrated Logistics Inc. and Woolworth Corporation entered into a Logistics Master Agreement under which Ryder Integrated Logistics Inc. was to provide to Woolworth Company transportation services by truck and, to accomplish and perform those services, to provide trucks and drivers as part of the merchandise distribution system within the retail store operations of Woolworth Corp.

8. Subsequent to September 29, 1996 the Venator Group Inc. became the successor to the interests of Woolworth Corp. under the Logistics Master Agreement between Woolworth Corporation and Ryder Integrated Logistics Inc.  The Venator Inc. may be a name change of Woolworth Corporation.  The Venator Group Inc. may now be known as Foot Locker, Inc.

9. On April 10, 1999 William Ricchiuti and Irene Ricchiuti brought an action in the U.S. District Court for the Eastern District of Pennsylvania at #99-1976 styled *William and Irene Ricchiuti v. The Venator Group, Inc.*

10. In the aforementioned civil action brought by William Ricchiuti and Irene Ricchiuti, it is alleged that on April 17, 1997 The Venator Group Inc. was doing business as Woolworth Corporation and that on that date William Ricchiuti was an employee of Ryder Integrated Logistics, Inc.

11. It is further alleged in the action instituted by William Ricchiuti and Irene Ricchiuti that on April 17, 1997 William Ricchiuti was injured while he was within the cargo area of a Ryder truck when cargo fell on him because that cargo was carelessly and negligently loaded by agents, employees or workmen of The Venator Group, Inc., then known as Woolworth Corporation.

12. William Ricchiuti and Irene Ricchiuti allege at action #99-1976 that the Venator Group Inc. is liable to them for the injuries suffered by William Ricchiuti caused by the negligence of employees of The Venator Group Inc. (then known as Woolworth Corp.) in loading a truck that was engaged in performing transportation services to Woolworth Corp. pursuant to the Logistics Master Agreement of September 29, 1996 between Ryder Integrated Logistics Inc. and Woolworth Corp. (subsequently known as The Venator Group, Inc.).

13. On April 17, 1997, the date on which William Ricchiuti alleges to have been injured, Woolworth Corporation (later known as The Venator Group, Inc.) was insured under one or more policies of general liability insurance issued by one or more of the defendants.  That insurance, issued by one or more of the defendants, provides

liability coverage to Woolworth Corp., and subsequently The Venator Group, Inc. for the claims made by William Ricchiuti and Irene Ricchiuti for the injury allegedly occurring on April 17, 1997.

14. On April 17, 1997 Ryder Integrated Logistics Inc. was insured under a policy of automobile liability insurance issued by Old Republic Insurance Company which covered the truck on which William Ricchiuti claims to have been injured.

15. Plaintiff has been providing a legal defense to The Venator Group Inc. on the suit brought by William Ricchiuti and Irene Ricchiuti against The Venator Group Inc.

16. The claims of William Ricchiuti and Irene Ricchiuti for the alleged injury suffered by William Ricchiuti on April 17, 1997 may fall within the coverage of the automobile liability insurance policy issued by Old Republic Insurance Company covering Ryder Integrated Logistics Inc. and may provide liability coverage to The Venator Group Inc. on those claims.  The Venator Group Inc. or Woolworth Corp. may qualify as an insured under that Old Republic policy, which covers Ryder's truck, as a permissive user of that truck on which William Ricchiuti claims to have been injured to the extent that Woolworth Corporation or The Venator Group Inc. employees were users of that truck in loading it.

17. Plaintiff believes and therefore avers that the activities of the Woolworth Corporation or The Venator Group Inc. employees loading the truck on which William Ricchiuti claims to have been injured on April 17, 1997 fall within the coverage provided by the Defendants to Woolworth Corporation or The Venator Group Inc. for the claims of William and Irene Ricchiuti.

18. The Old Republic policy of insurance issued to Ryder Integrated Logistics Inc. contains provisions whereby if other insurance is applicable to a claim against its insured then all coverages participate, according to formula, in the payment of any claim and in the expense of the administration and defense of such claim.

19. Plaintiff has made demands to the Defendants that they should acknowledge their obligation to The Venator Group Inc. and/or Woolworth Corporation on the claims of William Ricchiuti and Irene Ricchiuti but the Defendants have refused to do so.

20. Pursuant to the terms of the applicable policies issued by the Defendants and by Old Republic Insurance Company, the Defendants may be partially or exclusively liable on the claims of William and Irene Ricchiuti.

WHEREFORE, Plaintiffs demand that the Court enter an Order declaring that the Defendants, or one of them, are obligated to provide a defense and liability insurance coverage to The Venator Group Inc. on the claims of William Ricchiuti and Irene Ricchiuti and further determine the relative responsibilities of the Plaintiffs and Defendants herein with regard to the claims of William Ricchiuti and Irene Ricchiuti against The Venator Group, Inc.

McCANDLESS LAW ASSOCIATES, P.C.

_____
Edward L. McCandless