IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLD REPUBLIC INSURANCE COMPANY**<br>414 W. Pittsburgh St.<br>Greensburg, PA 15602 | : : : : | |
| **Plaintiff** | : : | |
| v. | : : : | NO. :  CV 02-5145 |
| **KEMPER CASUALTY COMPANY**<br>1 Kemper Drive<br>Long Grove, IL 60049; | : : : : : | |
| And, | : : | |
| **KEMPER CASUALTY INSURANCE COMPANY**<br>1 Kemper Drive<br>Long Grove, IL 60049; | : : : : : | |
| And, | : : | |
| **KEMPER INSURANCE COMPANIES**<br>1 Kemper Drive<br>Long Grove, IL 60049 | : : : : : : | |
| **Defendants** | : | |

**ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF KEMPER CASUALTY COMPANY, AND, KEMPER CASUALTY INSURANCE
COMPANY, AND, KEMPER INSURANCE COMPANIES.**

Defendants, Kemper Casualty Company, Kemper Casualty Insurance Company and Kemper Insurance Companies, by and through its attorneys, reply to Plaintiff's Complaint as follows:

1. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Plaintiff's Complaint, therefore the averments are denied. Strict proof is demanded at the time of trial.

2. Denied. The named Defendants did not issue policies to Woolworth or The Venator Group applicable to the present action. The entity that issued the policies is Lumbermans Mutual Casualty Company (hereinafter, "LMC").

3. Denied. The named Defendants did not issue policies to Woolworth or The Venator Group applicable to the present action. The entity that issued the policies is LMC.

4. Denied. The named Defendants did not issue policies to Woolworth or The Venator Group applicable to the present action. The entity that issued the policies is LMC.

5. Admitted.

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Plaintiff's Complaint, therefore the averments are denied. Strict proof is demanded at the time of trial.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Plaintiff's Complaint, therefore the allegations are denied. Strict proof is demanded at the time of trial.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Plaintiff's Complaint, therefore the allegations are denied. Strict proof is demanded at the time of trial.

9. Admitted upon information and belief.

10. As a writing, the <u>Ricchiuti v. The Venator Group, Inc.</u> complaint, (hereinafter, "<u>Ricchiuti</u> Complaint") attached as Exhibit "A" speaks for itself. To the extent that paragraph 10

is a verbatim transcription of the complaint it is admitted. All representations and characterizations of the complaint are denied.

11. As a writing, the <u>Ricchiuti</u> complaint speaks for itself. To the extent that paragraph 11 is a verbatim transcription of the complaint it is admitted. All representations and characterizations of the complaint are denied.

12. As a writing, the <u>Ricchiuti</u> complaint speaks for itself. To the extent that paragraph 12 is a verbatim transcription of the complaint it is admitted. All representations and characterizations of the complaint are denied.

13. Denied. As a writing, the <u>Ricchiuti</u> complaint speaks for itself. To the extent that paragraph 13 is a verbatim transcription of the complaint it is admitted. All representations and characterizations of the complaint are denied. Paragraph 13 is further denied on the basis that the named Defendants did not issue policies to Woolworth or The Venator Group applicable to the present action. The entity that issued the policies is LMC. LMC admits it issued a Commercial General Liability policy, attached as Exhibit "B," and an Automobile Liability policy, attached as Exhibit "C," to named insured, The Venator Group.

14. Admitted upon information and belief.

15. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Plaintiff's Complaint, therefore the allegations are denied. Strict proof is demanded at the time of trial.

16. To the extent that the allegations in this paragraph constitute conclusions of law, no response is required and they are denied. Alternatively, to the extent, if any, that the allegations are factual, answering Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 16 of the Plaintiff's Complaint, therefore the allegations are denied. Strict proof is demanded at the time of trial.

17. Denied as an conclusion of law. To the extent that paragraph 17 is not a conclusion of law, it is specifically denied that the activities of the Woolworth or The Venator Group employees loading the truck on which William Ricchiuti claims to have been injured on April 17, 1997 fall within the coverage provided by the named Defendants or LMC to Woolworth Corporation or The Venator Group for the claims of William and Irene Ricchiuti.

18. To the extent that the allegations in this paragraph constitute conclusions of law, no response is required and they are denied. Alternatively, to the extent, if any, that the allegations are factual, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Plaintiff's Complaint, therefore the allegations are denied. Strict proof is demanded at the time of trial.

19. Denied. The allegations in paragraph 19 set forth a conclusion of law to which no response is required. To the extent that the allegations are factual, answering Defendants contend that Old Republic Insurance Company must both defend and indemnify The Venator Group, for all claims and damages arising from the Ricchiuti litigation. While the Defendants admit that demands, as alleged, were made, they deny that any Kemper entity issued any insurance policy to any entity relevant to this case.

20. Denied. The allegations in paragraph 20 set forth a conclusion of law to which no response is required. Furthermore, neither the Kemper Casualty Company, Kemper Casualty Insurance Company nor Kemper Insurance Companies issued insurance policies to The Venator Group applicable to the Ricchiuti action. To the contrary, answering Defendants believe and therefore allege that Old Republic Insurance Company must both defend and indemnify The

Venator Group, for all claims and damages arising from the <u>Ricchiuti</u> litigation. Therefore, this Honorable Court should deny Old Republic Insurance Company's request for an order relieving it of its duty to defend and indemnify The Venator Group.

**WHEREFORE**, answering Defendants, Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies, respectfully request that this Honorable Court deny Old Republic Insurance Company judgment in its favor and that this Honorable Court enter judgment against Old Republic ordering that Old Republic must defend and indemnify The Venator Group for any claims arising out of an accident, as more fully set forth in the Ricchiuti complaint.

### FIRST AFFIRMATIVE DEFENSE

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies, the named Defendants, are not liable in the capacity sued because none of the named Defendants issued a policy of insurance to any defendant in the underlying action.

### SECOND AFFIRMATIVE DEFENSE

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claims may be barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claims may be barred by virtue of the defenses of settlement, agreement and/or release.

**FOURTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claim may be barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claim may be barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claim may be barred by the doctrine of equitable or promissory estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that Old Republic Insurance Company's claim may be barred by the public policy against forfeiture of insurance as to grant Old Republic's requested relief would render the protection promised by the policy illusory.

**EIGHTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies are advised and therefore allege that The Venator Group is a named insured on the Old Republic Insurance Policy, which individually lists The Venator Group on the declarations page, attached as Exhibit "D" such that Old Republic must defend and indemnify The Venator Group against the Ricchiuti litigation.

**NINTH AFFIRMATIVE DEFENSE**

Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies assert all statutory defenses available under the declaratory judgment act 28 U.S.C. §2201, et. seq.

**COMPULSORY COUNTERCLAIM
OF DEFENDANTS KEMPER CASUALTY COMPANY, AND, KEMPER CASUALTY
INSURANCE COMPANY, AND, KEMPER INSURANCE COMPANIES**

Defendant Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies, counterclaims against the Plaintiff Old Republic Insurance Company as follows:

**I.   DECLARATORY JUDGMENT**

21. Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies incorporates herein by reference paragraphs 1 through 20 of Plaintiff's Complaint and realleges and reasserts his responses to those allegations contained in paragraphs 1 through 20 of its Answer to Plaintiff's Complaint, as well as its Affirmative Defenses.

22.   Federal Rule of Civil Procedure 13(a) requires the pleading to state any claim which at the time of serving the pleading the Defendant has against the Plaintiff, if it arises out of the transaction or occurrence that is the subject matter of Plaintiff's claim.

23.   This is an action for declaratory judgment and is brought pursuant to 28 USCS § 2201, et seq. for the purposes of determining a question and actual controversy between the parties, as more particularly set forth below.

24.   The controversy concerns the scope of coverage for the duty to defend and potentially the duty to indemnify an entity known as The Venator Group against claims made in an underlying liability suit.  (The "Ricchiuti suit").

25. The three insurance policies at issue are:

    ORIC# Z-35726-10                           Exhibit "D." (Exhibit "D" is not the complete Old Republic policy, however, the Plaintiff represented it to be the relevant portion of the Old Republic policy for the purposes of the Plaintiff's complaint).

    LMC# 5AA 045 319-00    ("Bus. Auto")  Exhibit "B."

    LMC# F5D 006 250-00    ("Gen. Liab.")  Exhibit "C."

26. Counterclaim Plaintiffs, contend that neither the business auto nor the general liability policies of insurance issued by LMC to The Venator Group by LMC provide coverage for defense or indemnification duties in connection with the Ricchiuti suit by virtue of the provisions, terms, conditions and exclusions of the policies.

**WHEREFORE**, Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies respectfully request relief in the form of an Order:

    a. declaring that the claims asserted against The Venator Group in the underlying Ricchiuti litigation are exclusively covered by the commercial general liability policy of insurance issued by Old Republic Insurance to The Venator Group (i.e. Exhibit "D");

    b. declaring that the LMC policies (Exhibits "B" and "C") do not provide coverage for the claims made against The Venator Group in the underlying Ricchuiti litigation;

    c. declaring that Old Republic Insurance must provide a legal defense in connection with the underlying Ricchuiti litigation;

    d. declaring that since a duty to defend or provide legal defense existed for the allegations of the underlying Ricchiuti litigation Old Republic Insurance Company, must reimburse The Venator Group's legal fees and expenses incurred in defending the underlying litigation;

   e. declaring that Old Republic Insurance Company must indemnify The Venator Group for any settlement entered into by The Venator Group in the underlying <u>Ricchiuti</u> litigation, and Old Republic Insurance Company must indemnify The Venator Group against any Order or judgment entered against it in the underlying <u>Ricchiuti</u> litigation;

   f. such other relief as may be determined to be appropriate under the facts and law of this action.

              Respectfully Submitted:

              MARSHALL, DENNEHEY, WARNER,
              COLEMAN & GOGGIN


           By: _____
              WILLIAM W. CONKIN, ESQUIRE
              Identification No. 75881
              1845 Walnut Street, 18th Floor
              Philadelphia, PA 19103
              215-575-2761
              Attorney for Defendants,
              Kemper Casualty Company, Kemper
              Casualty Insurance Company, and Kemper
              Insurance Companies

Date:_____
\01_18\LIAB\RAW\TRLD\242492\RAW\11006\00137

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLD REPUBLIC INSURANCE COMPANY**<br>414 W. Pittsburgh St.<br>Greensburg, PA 15602 | : : : : | |
| **Plaintiff** | : : | |
| v. | : : | NO. 02- |
| **KEMPER CASUALTY COMPANY**<br>1 Kemper Drive<br>Long Grove, IL 60049; | : : : : : | |
| And, | : : | |
| **KEMPER CASUALTY INSURANCE COMPANY**<br>1 Kemper Drive<br>Long Grove, IL 60049; | : : : : : | |
| And, | : : | |
| **KEMPER INSURANCE COMPANIES**<br>1 Kemper Drive<br>Long Grove, IL 60049 | : : : : : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

    I, William Conkin, Esquire, attorney for Defendants Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies do hereby certify that service of a true and correct copy of the within Defendant Kemper Casualty Company, Kemper Casualty Insurance Company, and Kemper Insurance Companies' Answer to Plaintiff's Complaint, Affirmative Defenses and Counterclaim have been served upon all counsel of record and

unrepresented parties at the addresses listed below today, _____, by U.S. First-Class mail, postage prepaid.

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN AND GOGGIN

BY:_____
                WILLIAM W. CONKIN, ESQUIRE
                Identification No. 75881
                1845 Walnut Street, 18th Floor
                Philadelphia, PA 19103
                215-575-2761
                Attorney for Defendants,
                Kemper Casualty Company, Kemper
                Casualty Insurance Company, and Kemper
                Insurance Companies

Date:_____