IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE COMPANY, : | Civil Action |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| VENATOR GROUP and FOOTLOCKER, INC., : | |
|     Defendants. : | No.   2:02-5145 |
| _____: | |

ANSWER AND AFFIRMATIVE DEFENSES OF
<u>DEFENDANTS VENATOR GROUP AND FOOTLOCKER, INC.</u>

Defendants Venator Group and Foot Locker, Inc., improperly designated Footlocker, Inc., by their attorneys, Hecker Brown Sherry and Johnson LLP, hereby respond to Old Republic Insurance Company's Complaint as follows:

1. Admitted on information and belief.

2. Admitted. By way of further response, Venator Group is now known as Foot Locker, Inc.

3. Admitted.

4. The allegations of paragraph 4 constitute conclusions of law as to which no response is required.

5. The allegations of paragraph 5 constitute conclusions of law as to which no response is required.

6. Admitted in part; denied in part. It is admitted that, on September 26, 1996, Ryder Integrated Logistics, Inc. and Woolworth Corporation entered into a Logistics Master Agreement. It is further admitted that Woolworth Corporation subsequently became known as

Venator Group as a result of a name change. The Logistics Master Agreement, being a writing, speaks for itself and any characterization of the Agreement by plaintiff is, therefore, denied.

7. Denied as stated. It is admitted that the Venator Group, Inc. became the successor to Woolworth Corporation under the Logistics Management Agreement. It is further admitted that Venator Group, Inc. is now known as Foot Locker, Inc.

8. Admitted in part; denied in part. It is admitted that, on April 10, 1999, William Ricchiuti and Irene Ricchiuti brought an action in the United States District Court for the Eastern District of Pennsylvania at 99-1976 captioned Ricchiuti v. The Venator Group, Inc. The Complaint filed in the aforementioned action, being a writing, speaks for itself and any characterization of same by plaintiff is, therefore, denied.

9. Denied as stated. It is admitted only that, on April 17, 1997, the Venator Group, Inc. was insured in accordance with the terms and conditions of a policy of general liability insurance issued to it by Lumbermens Mutual Casualty Company.

10. Admitted on information and belief.

11. Denied. By way of further response, defense of the Ricchiuti action was initially undertaken at Venator Group's expense.

12. Admitted in part; denied in part. It is admitted only that, in October, 2001, Venator Group, through its general liability insurer, requested that Ryder turn the Ricchiuti matter over to Ryder's insurer for purposes of defending the action. Any characterization of the letter attached as Exhibit "B" is specifically denied.

13. Denied. The allegations of paragraph 13 constitute conclusions of law as to which no response is required. To the extent that a response is deemed required, the allegations of paragraph 13 are denied.

14. Denied.

(a) that Old Republic Insurance Company is obligated to provide coverage in connection with the claims asserted against Venator Group, Inc. and/or Foot Locker, Inc. by William and Irene Ricchiuti

(b) that Old Republic Insurance Company is obligated to indemnify Venator Group, Inc. and/or Foot Locker, Inc. against any judgment or settlement relating to said claims; and

(c) Venator Group and Foot Locker, Inc. are entitled to an award of costs, including reasonable attorneys' fees and such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to allege facts sufficient to support a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq.

3. Plaintiff's Complaint lacks the necessary specificity required by the Federal Rules of Civil Procedure.

4. Plaintiff's claim for relief is barred by the doctrine of laches.

5. Plaintiff is estopped from denying coverage.

6. Plaintiff has waived the right to contest coverage.

WHEREFORE, defendants Venator Group and Foot Locker, Inc., improperly designated as Footlocker, Inc., request that an Order be entered declaring:

(a) that Old Republic Insurance Company is obligated to provide coverage in connection with the claims asserted against Venator Group, Inc. and/or Foot Locker, Inc. by William and Irene Ricchiuti

(b) that Old Republic Insurance Company is obligated to indemnify Venator Group, Inc. and/or Foot Locker, Inc. against any judgment or settlement relating to said claims; and

(c) Venator Group and Foot Locker, Inc. are entitled to an award of costs, including reasonable attorneys' fees and such other and further relief as the Court deems appropriate.

                        HECKER BROWN SHERRY AND JOHNSON LLP

By:_____
    Peter C. Kennedy
    Attorney ID #46422
    M. Jane Goode
    Attorney ID #37247
    1700 Two Logan Square
    18th and Arch Streets
    Philadelphia, PA  19103
    (215) 665-0400

    Attorneys for Defendants
    Venator Group and Footlocker, Inc.

105752-1

5

<u>CERTIFICATE OF SERVICE</u>

M. Jane Goode, attorney for defendants, Venator Group and Footlocker, Inc., certifies that on this 22nd day of January, 2003, she caused a true and correct copy of the attached Answer and Affirmative Defenses to be served upon the following via First Class, U.S. mail:

| | |
|---|---|
| Edward L. McCandless, Esquire<br>1700 Samson Street<br>12th Floor<br>Philadelphia, PA  19103 | William J. Conkin, Esquire<br>MARSHALL, DENNEHEY, WARNER,<br>    COLEMAN & GOGGIN<br>1845 Walnut Street<br>Philadelphia, PA  19103 |

_____

M. Jane Goode