IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE CO., <br>     Plaintiff, | : <br> : <br> : | Civil Action <br><br> No. 02-5145 (consolidated) |
| v. | : <br> : | |
| LUMBERMENS MUTUAL CASUALTY CO., <br>     Defendant. | : <br> : <br> : <br> : | |
| _____ | | |
| OLD REPUBLIC INSURANCE CO., <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| THE VENATOR GROUP, INC. and FOOT LOCKER, INC., <br>     Defendants. | : <br> : <br> : | |

ANSWER OF DEFENDANTS VENATOR
GROUP, INC. AND FOOT LOCKER, INC. TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Defendants Venator Group, Inc. and Foot Locker, Inc. (hereinafter collectively referred to as "Foot Locker), by their attorneys, Hecker Brown Sherry and Johnson LLP, hereby respond to Old Republic Insurance Company's Motion for Summary Judgment as follows:

    1.    It is admitted that the Complaint seeks a declaratory judgment.

    2.    It is admitted only that the facts alleged in the Complaint filed by William and Irene Ricchiuti in the United States District Court for the Eastern District of Pennsylvania at Civil Action No. 99-1976 and captioned <u>Ricchiuti v. The Venator Group, Inc.</u> are relevant to determination of the issues in this action. It is denied that the factual allegations of the <u>Ricchiuti</u> Complaint are the sole facts bearing on insurance coverage.

    3.    Denied as stated. The <u>Ricchiuti</u> Complaint, being in writing, speaks for itself and any characterization of the allegations of the Complaint by Old Republic is denied.

111641-1

4. Denied as stated. The <u>Ricchiuti</u> Complaint, being in writing, speaks for itself and any characterization of the allegations of the Complaint by Old Republic is denied.

5. Admitted.

6. Denied as stated. It is admitted that Old Republic paid the funds agreed upon to settle the <u>Ricchiuti</u> litigation. It is denied that Old Republic supplied all funds necessary to defend the litigation. Further, to the extent that Old Republic incurred costs in defending the <u>Ricchiuti</u> litigation, those costs were incurred in accordance with and as required by the terms of its insurance contract.

7. Denied. The allegations of paragraph 7 constitute statements of intention and conclusions of law as to which no response is required. By way of further response, the agreement of the parties with respect to settlement of the <u>Ricchiuti</u> litigation reserved to Old Republic the right to seek reimbursement of the funds paid in settlement of the action only and did not include a reservation of the right to seek reimbursement of defense costs. <u>See</u> Letters of Counsel confirming settlement attached hereto as Exhibit "A". Moreover, Old Republic is not entitled, as a matter of law, to recover amounts paid in defense of the underlying action. To the extent, therefore, that Old Republic claims a right to seek reimbursement of funds used to defend Foot Locker in connection with the <u>Ricchiuti</u> litigation, Foot Locker denies that such a right exists.

8. It is admitted that Mr. Ricchiuti testified at deposition that he was born on May 22, 1958.

9. Denied as stated. Mr. Ricchiuti's deposition testimony, having been reduced to writing, speaks for itself. To the extent that the testimony is relevant to the matters at issue in this action, Foot Locker denies any characterization of that testimony by Old Republic.

111641-1

10. Denied as stated. It is admitted only that there existed between Ryder and Foot Locker a Logistics Master Agreement dated September 29, 1996. The Agreement, being in writing, speaks for itself and any characterization of the Agreement or Mr. Ricchiuti's responsibilities under the Agreement is denied.

11. Denied as stated. It is admitted only that there existed between Ryder and Foot Locker a Logistics Master Agreement dated September 29, 1996. The Agreement, being in writing, speaks for itself and any characterization of the Agreement by Old Republic or Ryder's performance under the Agreement is denied.

12. Admitted.

13-18. Denied as stated. Mr. Ricchiuti's deposition testimony, having been reduced to writing, speaks for itself. To the extent that the testimony is relevant to the matters at issue in this action, Foot Locker denies any characterization of that testimony by Old Republic.

19. Denied as stated. Mr. Ricchiuti's deposition testimony, having been reduced to writing, speaks for itself. To the extent that the testimony is relevant to the matters at issue in this action, Foot Locker denies any characterization of that testimony by Old Republic. By way of further response, Foot Locker denies that the cargo was improperly loaded.

20. Denied as stated. Mr. Ricchiuti's deposition testimony, having been reduced to writing, speaks for itself. To the extent that the testimony is relevant to the matters at issue in this action, Foot Locker denies any characterization of that testimony by Old Republic. By way of further response, it is admitted only that Mr. Ricchiuti was injured while in the process of unloading cargo from the Ryder truck.

21. Denied as stated. Mr. Ricchiuti's deposition testimony, having been reduced to writing, speaks for itself. To the extent that the testimony is relevant to the matters at issue in

111641-1

this action, Foot Locker denies any characterization of that testimony by Old Republic. By way of further response, Foot Locker denies that the cargo was improperly loaded.

22.     Admitted.

23.     Admitted in part; denied in part. It is admitted that, on April 17, 1997, Ryder was insured under a policy of automobile liability insurance issued to it by Old Republic. By way of further response, the Old Republic policy, being in writing, speaks for itself and any characterization of the scope of coverage provided under the policy, including characterization of who or what was insured under the policy, is specifically denied. Foot Locker avers that it is an additional insured under the Old Republic policy.

24.     It is admitted that the defense of the Ricchiuti action was tendered to Ryder and Old Republic in October, 2001 and that Old Republic undertook defense of the action in or about November, 2001. Foot Locker objects to the statements made in footnote 2 on the basis that the letter and policy discussed there, being in writing, speak for themselves and any characterization by Old Republic is denied.

25.     Denied. The allegations of paragraph 25 constitute conclusions of law as to which no response is required.

26.     The allegations of paragraph 26 constitute conclusions of law as to which no response is required. Notwithstanding the foregoing, Foot Locker agrees that Pennsylvania choice of law rules apply.

27.     Denied. The allegations of paragraph 27 constitute conclusions of law as to which no response is required. By way of further response, Foot Locker avers that Pennsylvania choice of law rules applicable to contracts mandate application of a "most significant relationship" test and that the test results in application of New York law.

111641-1

28. Admitted on information and belief.

29. Denied. Old Republic has offered no evidence of record or otherwise establishing that the Old Republic automobile liability policy was delivered to Ryder in Florida. Foot Locker is without knowledge or information sufficient to enable it to either admit or deny the averments of paragraph 29 of the Complaint; said averments are therefore denied and proof thereof is demanded, if relevant.

30. Denied. Foot Locker incorporates by reference its response to paragraph 29 above. By way of further response, the allegations of paragraph 30 constitute conclusions of law as to which no response is required. To the extent that a response is deemed required, Foot Locker denies that Florida law governs the dispute between the parties. To the contrary, Foot Locker avers that, for the reasons set forth in its Memorandum of Law, New York law governs the instant dispute.

31. Denied. The allegations of paragraph 31 constitute conclusions of law as to which no response is required. To the extent that a response is deemed required, Foot Locker denies that Florida choice of law principles apply and denies that applicable choice of law rules dictate that interpretation of the Old Republic policy is governed by Florida law. To the contrary, Foot Locker avers that New York law is applicable to the instant dispute.

32. The allegations of paragraph 32 constitute conclusions of law as to which no response is required.

33. The allegations of paragraph 33 constitute conclusions of law as to which no response is required.

34. The allegations of paragraph 34 constitute conclusions of law as to which no response is required.

111641-1

35. The allegations of paragraph 35 constitute conclusions of law as to which no response is required.

36. Denied. To the contrary, for the reasons set forth in Foot Locker's Memorandum of Law, Foot Locker is covered under the Old Republic policy for the claims made against it in the Ricchiuti action and Old Republic is required to indemnify Foot Locker as to any liability it incurs, including liability incurred in settlement of that action.

37. The Old Republic policy, being in writing, speaks for itself. It is admitted, however, that plaintiff has accurately reproduced language from the Old Republic policy.

38. Denied. The allegations of paragraph 38 constitute conclusions of law as to which no response is required. By way of further response, it is denied that Ryder's vehicle was "merely the situs" of the accident which forms the basis of the underlying action.

39. Denied. The allegations of paragraph 39 constitute conclusions of law as to which no response is required. By way of further response, Foot Locker avers that the accident alleged in the Ricchiuti litigation resulted from the ownership, maintenance or use of a covered auto as more fully set forth in Foot Locker's Memorandum of Law.

40. Denied. The allegations of paragraph 40 constitute conclusions of law as to which no response is required. By way of further response, Foot Locker avers that it was "using" Ryder's vehicle within the meaning of the Old Republic policy at the time Mr. Ricchiuti was injured. It is specifically denied that Foot Locker was negligent in stacking the chairs as suggested by the allegations of paragraph 40.

41(a)-(e). Denied. To the extent that Old Republic's selective designation of acts which are allegedly material to this dispute constitute conclusions of law, the allegations are

111641-1

denied. Foot Locker further denies that the acts alleged by Old Republic are "distinct" and that any consequences flowing from such description are material to this dispute.

42. Denied as stated. Foot Locker objects to the allegations of paragraph 42 to the extent that they attempt to characterize the allegations of the underlying Complaint and/or testimony obtained in the underlying action. Without waiving that objection, Foot Locker agrees that the statements made in paragraph 42 reflect the allegations at issue in the underlying litigation.

43. Denied. The allegations of paragraph 43 constitute conclusions of law as to which no response is required. By way of further response, it is denied that the accident alleged in the Ricchiuti litigation did not result from the ownership, maintenance or use of a covered auto as more fully set forth in Foot Locker's Memorandum of Law.

44. Denied. The allegations of paragraph 44 constitute conclusions of law as to which no response is required. By way of further response, Foot Locker denies that it was negligent in placing and stacking chairs in Ryder's vehicle and denies that loading of the vehicle does not constitute use of a covered auto within the meaning of the Old Republic policy.

45. Denied. The allegations of paragraph 45 constitute conclusions of law as to which no response is required. By way of further response, Foot Locker avers that it is entitled to coverage under the Old Republic policy as to the claims asserted against it in the Ricchiuti litigation as more fully set forth in Foot Locker's Memorandum of Law.

46. Denied. The allegations of paragraph 46 constitute conclusions of law as to which no response is required. By way of further response, Florida law does not apply to the instant controversy.

47. Denied. The allegations of paragraph 47 constitute conclusions of law as to which no response is required. By way of further response, it is denied that Foot Locker was not using Ryder's vehicle within the meaning of the Old Republic policy at the time Mr. Ricchiuti was injured. It is specifically denied that Foot Locker was negligent in stacking the chairs as suggested by the allegations of paragraph 47.

48. It is admitted only that the language set forth in paragraph 48 appears in the Old Republic policy. It is denied that the quoted provision applies to the instant controversy.

49. Denied. The allegations of paragraph 49 constitute conclusions of law as to which no response is required. By way of further response, to the extent that the allegations contained in paragraph 49 are established by the evidence, they are immaterial to resolution of this dispute as more fully set forth in Foot Locker's Memorandum of Law.

50. Denied. The allegations of paragraph 50 constitute conclusions of law as to which no response is required. By way of further response, to the extent that the allegations contained in paragraph 50 are established by the evidence, they are immaterial to resolution of this dispute as more fully set forth in Foot Locker's Memorandum of Law.

51. Denied. To the contrary, Old Republic is required to indemnify Foot Locker against any liability incurred in the underlying action, including liability incurred in the settlement of that action.

WHEREFORE, Venator Group, Inc. and Foot Locker, Inc. respectfully request that an Order be entered denying Old Republic Insurance Company's Motion for Summary Judgment and granting summary judgment in favor of Venator Group, Inc. and Foot Locker, Inc.

                              HECKER BROWN SHERRY AND JOHNSON LLP

DATED:_____         By:_____
                                        Peter C. Kennedy
                                        Attorney ID #46422
                                        M. Jane Goode
                                        Attorney ID #37247
                                        1700 Two Logan Square
                                        18th and Arch Streets
                                        Philadelphia, PA  19103
                                        (215) 665-0400

                                        Attorneys for Defendants
                                        Venator Group, Inc. and Foot
                                        Locker, Inc.

111641-1