IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE CO., | : | Civil Action |
|     Plaintiff, | : | |
| | : | No. 02-5145 (consolidated) |
| v. | : | |
| | : | |
| LUMBERMENS MUTUAL CASUALTY CO., | : | |
|     Defendant. | : | |
| _____ | : | |
| OLD REPUBLIC INSURANCE CO., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE VENATOR GROUP, INC. and FOOT LOCKER, INC., | : | |
|     Defendants. | : | |

MEMORANDUM OF DEFENDANTS VENATOR
GROUP, INC. AND FOOT LOCKER, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

There are presently pending before this Court several motions for summary judgment, including a motion for summary judgment filed on behalf of defendants Venator Group, Inc. and Foot Locker, Inc. (collectively referred to as Foot Locker). For the most part, the issues presented in various motions are identical. Foot Locker, therefore, incorporates by reference the Memorandum of Law submitted in support of its Motion for Summary Judgment as though set forth fully herein. The nature of Old Republic's motion, however, requires a brief additional response.

It is not clear from Old Republic's Motion whether it is seeking entry of summary judgment as to the funds paid to settle the underlying <u>Ricchiuti</u> litigation or whether it also seeks entry of judgment as to costs incurred in the defense of the underlying action. There are several reasons why Old Republic should not be permitted to pursue recovery of defense costs. To the extent that they require a determination of fact, summary judgment is unavailable.

First, as stated in its motion for summary judgment, Old Republic voluntarily undertook Foot Locker's defense in the underlying litigation in November, 2001. At that time, Old Republic reserved its right to disclaim any indemnity obligation solely on the basis that Foot Locker had not reported the claim in a timely fashion. <u>See</u> Exhibit "A" to Foot Locker's Motion for Summary Judgment. Old Republic did not, however, reserve its right to recoup defense costs if it turned out that it was incorrect in its determination that it had an obligation to provide a defense to Foot Locker. In the absence of such a reservation, Old Republic is estopped from pursuing recovery of any and all defense costs incurred in Foot Locker's defense. <u>See</u> <u>American Transit Insurance Co. v. Mendon Leasing Corp.</u>, 241 A.D.2d 436, 660 N.Y.S.2d 725 (1997).

Second, neither the settlement discussions held among the parties nor the letters confirming the parties' understanding of the settlement reserve to Old Republic the right to seek recovery of amounts expended in defense of the underlying action. Having failed to specifically reserve its rights, it cannot now alter the terms of a settlement agreed to and relied upon by Foot Locker.

Third, it is well settled that the duty to defend is broader than the duty to indemnify. This principle has been adopted in virtually every jurisdiction, including Florida, the state whose law is favored by Old Republic. <u>See</u> <u>The Hardaway Co. v. United States Fire Ins. Co.</u>, 724 So.2d 588 (Fla. App. 1998), <u>review</u> <u>denied</u>, 735 So.2d 1285 (Fla. 1999)(the duty to defend is broader

111743-1                              2

than coverage and may even arise when there is ultimately a determination of no coverage for claims under the policies of insurance).  A defense is required whenever the allegations of the Complaint state a claim which is potentially within the policy's coverage.  Old Republic voluntarily undertook to provide a defense to Foot Locker, presumably on the reasonable belief that a defense was owed under the terms of its policy.  Indeed, as more fully discussed in Foot Locker's Memorandum of Law submitted in support of its Motion for Summary Judgment, the allegations of the underlying Complaint state a claim within coverage both for purposes of defense and indemnity.  Accordingly, any defense costs incurred by Old Republic were incurred in accordance with the terms of its contract; it did nothing more than its contract required and there is no basis on which it can compel repayment of defense costs from its insured.

    Finally, Foot Locker notes that, if it is determined that there is no coverage under the Old Republic policy for the claims asserted against Foot Locker, factual issues preclude entry of summary judgment in favor of Old Republic.  For example, in a letter dated November 19, 2002, Old Republic purported to assert additional bases for disclaiming coverage.  Foot Locker contends that Old Republic's control of the defense for nearly one year, estops it from denying coverage on any basis included in the November 19, 2002.

    For the reasons stated above and in its Motion for Summary Judgment and Answer to Old Republic's Motion for Summary Judgment, Foot Locker respectfully requests that an Order be entered denying Old Republic's Motion for Summary Judgment; granting summary judgment in favor of Venator Group, Inc. and Foot Locker, Inc. and declaring that Old Republic Insurance Company is obligated to indemnify Venator Group, Inc. and Foot Locker, Inc. in connection

with any liability it may incur in the underlying Ricchiuti litigation, including liability incurred in the settlement of that action.

            Respectfully submitted,

            HECKER BROWN SHERRY AND JOHNSON LLP


DATED:_____    By:_____
            Peter C. Kennedy
            Attorney ID #46422
            M. Jane Goode
            Attorney ID #37247
            1700 Two Logan Square
            18th and Arch Streets
            Philadelphia, PA  19103
            (215) 665-0400

            Attorneys for Defendants
            Venator Group, Inc. and Foot
            Locker, Inc.