IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE CO., <br>     Plaintiff, | : <br> : <br> : | Civil Action <br><br> No. 02-5145 (consolidated) |
| v. | : <br> : | <br> Honorable Cynthia Rufe |
| LUMBERMENS MUTUAL CASUALTY CO., <br>     Defendant. | : <br> : <br> : | |
| ──────────────────────── | | |
| OLD REPUBLIC INSURANCE CO., <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| THE VENATOR GROUP, INC. and FOOT LOCKER, INC., <br>     Defendants. | : <br> : <br> : | |

ANSWER OF DEFENDANTS THE VENATOR GROUP, INC. AND
FOOT LOCKER, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants The Venator Group, Inc. and Foot Locker, Inc., by their attorneys, Hecker Brown Sherry and Johnson LLP, hereby respond to the correspondingly numbered paragraphs of Old Republic Insurance Company's First Amended Complaint as follows:

COUNT II

15. Defendants The Venator Group, Inc. and Foot Locker, Inc. (hereinafter collectively referred to as "Foot Locker"), hereby incorporate by reference their responses to paragraphs 1 through 14 of Old Republic's original Complaint as though set forth fully herein.

16. Denied as stated. It is admitted only that Old Republic Insurance Company provided a defense to Foot Locker beginning in or about December, 2001, and that Old Republic funded a settlement of the Ricchiuti litigation and obtained a release of Foot Locker in connection with that litigation.

17. Admitted.

18. Denied. Foot Locker is, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 18 and said allegations are, therefore, denied and proof thereof is demanded at trial. By way of further response, Foot Locker avers that, in conjunction with the settlement of the Ricchiuti action, it specifically reserved its right to contest the reasonableness of the settlement amount.

19. Admitted in part; denied in part. It is admitted only that Foot Locker acquiesced in the settlement of the Ricchiuti litigation and that Old Republic reserved the right to pursue recovery of amounts paid in settlement of the Ricchiuti litigation. It is expressly denied that Old Republic reserved the right to recoup any expenses incurred in connection with defense of the Ricchiuti litigation or otherwise. The remainder of the allegations contained in paragraph 19 constitute conclusions of law as to which no response is required.

20. It is admitted that, at the time of the accident, Foot Locker was insured under a policy of commercial general liability insurance issued to it by Lumbermens Mutual Casualty Company and under a policy of automobile liability insurance issued to it by Lumbermens Mutual Casualty Company. It is further admitted that the coverage afforded by the foregoing policies is subject to a self-insured retention. By way of further response, on the date of the accident which forms the basis for the Ricchiuti action, Foot Locker was insured under a policy of automobile insurance, policy No. Z25726-10, issued to Ryder Integrated Logistics, Inc. by Old Republic Insurance Company. The coverage afforded to Foot Locker under the Old Republic policy in connection with the Ricchiuti litigation is primary to any insurance which may be available to Foot Locker under the policies issued to it by Lumbermens Mutual Casualty Company.

21. Admitted.

22. Denied. Foot Locker is, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22; said allegations are, therefore, denied and proof thereof is demanded at trial, if relevant. By way of further response, Old Republic is not entitled to pursue or recover any attorneys' fees or costs incurred in providing a defense to Foot Locker in the <u>Ricchiuti</u> litigation whether pursuant to the terms and conditions of Old Republic policy No. Z25726-10 or otherwise.

23. Denied. Foot Locker is, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 23; said allegations are, therefore, denied and proof thereof is demanded at trial, if relevant. By way of further response, Old Republic is not entitled to pursue or recover any attorneys' fees or costs incurred in providing a defense to Foot Locker in the <u>Ricchiuti</u> litigation whether pursuant to the terms and conditions of Old Republic policy No. Z25726-10 or otherwise.

24. Denied. Foot Locker is, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 24; said allegations are, therefore, denied and proof thereof is demanded at trial, if relevant. By way of further response, Old Republic is not entitled to pursue or recover any attorneys' fees or costs incurred in providing a defense to Foot Locker in the <u>Ricchiuti</u> litigation whether pursuant to the terms and conditions of Old Republic policy No. Z25726-10 or otherwise.

25. Denied. To the contrary, Old Republic's insurance policy numbered Z25726-10, improperly designated Z35726-10, provides coverage to Foot Locker with respect to the <u>Ricchiuti</u> litigation, which coverage is primary to any other insurance which may be available to Foot Locker under the policies issued to it by Lumbermens Mutual Casualty Company.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to allege facts sufficient to support a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq.

3. Plaintiff's Complaint lacks the necessary specificity required by the Federal Rules of Civil Procedure.

4. Plaintiff's claim for relief is barred by the doctrine of laches.

5. The allegations of the Ricchiuti complaint fall within the scope of coverage afforded to Foot Locker under plaintiff's policy, numbered Z25726-10, and plaintiff had, therefore, an obligation to provide a defense to Foot Locker in connection with the Ricchiuti litigation.

6. Plaintiff provided insurance coverage to Foot Locker under plaintiff's policy, numbered Z25726-10, which insurance is applicable to the claims asserted against Foot Locker in the Ricchiuti litigation and plaintiff has, therefore, an obligation to indemnify Foot Locker against any liability it has incurred or may incur in that litigation, by way of settlement or otherwise.

7. The insurance afforded to Foot Locker under plaintiff's policy, numbered Z25726-10, is primary to any other insurance available to Foot Locker.

8. Plaintiff has failed to state a basis, in law or in fact, for recovery of attorneys' fees or costs incurred in connection with the defense of Foot Locker in the Ricchiuti litigation.

9. Plaintiff is estopped from denying coverage.

10. Plaintiff has waived any right to contest coverage.

11. Plaintiff voluntarily undertook Foot Locker's defense in connection with the Ricchiuti litigation and it cannot, therefore, maintain a claim to recover sums it expended on Foot Locker's behalf in defense of that litigation.

12. Plaintiff did not, during settlement negotiations or otherwise, reserve any right it may have had to recover sums expended in defense of the Ricchiuti litigation and it has, therefore, waived any right it may have had to recover attorneys' fees or costs incurred in defense of that action.

13. Plaintiff did not, during settlement negotiations or otherwise, reserve any right it may have had to recover sums expended in defense of the Ricchiuti litigation and it is, therefore, estopped from pursuing or recovering attorneys' fees or costs incurred in defense of that action.

WHEREFORE, defendants The Venator Group, Inc. and Foot Locker, Inc., request that an Order be entered declaring:

(a) that Old Republic Insurance Company is obligated to provide coverage in connection with the claims asserted against The Venator Group, Inc. and/or Foot Locker, Inc. by William and Irene Ricchiuti

(b) that Old Republic Insurance Company is obligated to indemnify The Venator Group, Inc. and/or Foot Locker, Inc. against any judgment or settlement relating to said claims;

(c) that Old Republic Insurance Company is not entitled to recover any sums it paid in settlement of the Ricchiuti litigation;

(d) that Old Republic Insurance Company is not entitled to pursue recovery of or recover any amounts expended in defense of Foot Locker, Inc. in the Ricchiuti litigation; and

  (e) that The Venator Group, Inc. and Foot Locker, Inc. are entitled to an award of costs, including reasonable attorneys' fees, incurred in connection with this matter, and such other and further relief as the Court deems appropriate.

           HECKER BROWN SHERRY AND JOHNSON LLP

DATED:_____    By:_____
           Peter C. Kennedy
           Attorney ID #46422
           M. Jane Goode
           Attorney ID #37247
           1700 Two Logan Square
           18th and Arch Streets
           Philadelphia, PA  19103
           (215) 665-0400

           Attorneys for Defendants
           Venator Group, Inc. and Foot
           Locker, Inc.