**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLD REPUBLIC INSURANCE CO. | : |
| | :    CV 02-5145 |
| v. | : |
| | : |
| KEMPER CASUALTY COMPANY AND | : |
| KEMPER CASUALTY INSURANCE COMPANY | : |
| AND KEMPER INSURANCE COMPANIES | : |
| LUMBERMENS MUTUAL CASUALTY | : |
| COMPANY; THE VENATOR GROUP, INC. | : |
| AND FOOT LOCKER, INC. | : |

**ANSWER OF DEFENDANT LUMBERMEN'S MUTUAL CASUALTY COMPANY**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendant Lumbermens Mutual Casualty Company, by and through its attorneys hereby respond to the correspondingly numbered paragraphs of Old Republic Insurance Company's Amended Complaint as follows:

    15. Defendant Lumbermens Mutual Casualty Company adopts and incorporates by reference its response to paragraphs 1 through 14 of plaintiff's original complaint as though set forth fully herein.

    16. Denied. It is only admitted that Old Republic Insurance Company provided a defense to Foot Locker beginning in or about December of 2001 and that Old Republic funded a settlement of the <u>Ricchiuti</u> litigation and obtained the release of Footlocker in connection with that litigation.

    17. Admitted.

    18. After reasonable investigation Defendant Lumbermens Mutual Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.

19. It is expressly denied that Old Republic reserve the right to pursue an action for recoupment of its expenses incurred in connection with the defense of the <u>Ricchiuti</u> litigation. Upon information and belief Lumbermens admits that Foot Locker acquiesced in the settlement of the <u>Ricchiuti</u> litigation and that Old Republic reserved the right to pursue recovery amounts paid in the settlement of the <u>Ricchiuti</u> litigation. All other allegations within paragraph 19 are conclusions of law and accordingly, no response is required.

20. Admitted. By way of further explanation and answer, Footlocker was insured under a policy of business auto insurance bearing Policy No. Z25726-10, issued to Rider Integrated Logistics Inc. by Old Republic Insurance Company. The Old Republic business auto policy is primary to any insurance afforded to Footlocker in connection with the <u>Ricchiuti</u> litigation.

21. Admitted.

22. Denied. Answering Defendant Lumbermens, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraphs 22. The allegations therefore are denied and proof thereof is demanded at trial, if deemed relevant. As stated previously, and by way of further explanation and answer, it is denied that Old Republic reserved its right to recoup any expenses incurred in connection with the defense of the <u>Ricchiuti</u> litigation and, accordingly, Old Republic is not entitled to pursue or cover any attorney's fees or costs in providing a defense to Footlocker in the <u>Ricchiuti</u> litigation. With regard to the amount of attorney's fees Old Republic allegedly incurred in providing a defense for Footlocker in the <u>Ricchiuti</u> litigation.

23. Denied. Old Republic is not entitled to pursue or cover any attorney's fees or costs incurred in providing a defense of the <u>Ricchiuti</u> litigation. To the extent the averments in paragraph 23 contain conclusions of law, they are denied and no further response is required.

24. See answering Defendant Lumbermens' response to paragraph 23.

25. Denied. Firstly, plaintiff improperly designates Old Republic's business auto insurance policy as Z35726-10 whereas the correct number of the policy is Z24726-10. This Old Republic business auto policy provides primary coverage to any other insurance which may be available to Foot Locker with respect to the <u>Ricchuiti</u> litigation.

**WHEREFORE** answering Defendant, Lumbermens Mutual Casualty Company respectfully requests that this Honorable Court deny Old Republic Insurance Company judgment in its favor and that this Honorable Court enter judgment against Old Republic ordering that Old Republic must defend and indemnify the Venator Group and Foot Locker, Inc. for all claims arising out of the <u>Ricchiuti</u> litigation.

FIRST AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that the Old Republic Amended Complaint fails to state a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff Old Republic's claims may be barred by the statute of limitations.

THIRD AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff's claims may be barred by the defenses of collateral estoppel and res judicata.

FOURTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that Old Republic's Amended Complaint fails to allege facts sufficent to support a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that the allegations of the underlying <u>Ricchiuti</u> complaint fall within the scope of coverage afforded to Foot Locker under the Old Republic business auto policy bearing number Z25726-10. Therefore, Old Republic has an obligation to provide defense and indemnification to Foot Locker in connection with the <u>Ricchiuti</u> litigation.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that the insurance afforded to Foot Locker under plaintiff's business auto policy is primary to any other insurance availible to Foot Locker. Accordingly, the Old Republic business auto policy is primary to the Lumbermens business auto policy issued to The Venator Group.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff has failed to state a basis, in law or fact, for recovery of attorneys' fees or costs incurred in connection with the defense of Foot Locker in the <u>Ricchiuti</u> litigation.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff is estopped from denying coverage.

## NINTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff has waived any right to contest coverage.

TENTH AFFIRMATIVE DEFENSE

Defendant Lumbermens is advised and therefore avers that plaintiff did not, during settlement negotiations or otherwise, reserve any right to recover sums expended in the defense of the Ricchiuti litigation and it has, therefore, waived any right it may have to recover attorneys' fees or costs incurred in defense of that action.

**WHEREFORE** answering Defendant, Lumbermens Mutual Casualty Company respectfully requests that this Honorable Court deny Old Republic Insurance Company judgment in its favor and that this Honorable Court enter judgment in favor of Lumbermens and against Old Republic ordering that Old Republic must defend and indemnify the Venator Group and Foot Locker, Inc. for all claims arising out of the Ricchiuti litigation.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
WILLIAM K. CONKIN, ESQUIRE
Attorney I.D. No. 75881
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
(215) 575-2761
Attorney for Defendants

Date: _____

\01_18\LIAB\RAW\LLPG\270745\RXD\11006\00137

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLD REPUBLIC INSURANCE CO. : | |
| : | CV 02-5145 |
| v. : | |
| : | |
| KEMPER CASUALTY COMPANY AND : | |
| KEMPER CASUALTY INSURANCE COMPANY : | |
| AND KEMPER INSURANCE COMPANIES : | |

## CERTIFICATE OF SERVICE

    I, William K. Conkin, Esquire hereby certify that a true and correct copy of Defendant Lumbermens' Mutual Casualty Company's Answer to Plaintiff's First Amended Complaint

was served by U.S. Mail, First Class to:

Edward L. McCandless, Esquire      M. Jane Goode, Esquire
Chad Stollier, Esquire      Heacker, Brown, Sherry and Johnson, LLP
McCandless Law Associates, P.C.      1700 Two Logan Square
1700 Sansom Street. 12th Floor      Philadelphia, PA 19103-0366
hiladelphia, PA  19103-5215

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


    BY: _____
           WILLIAM K. CONKIN, ESQUIRE
           Attorney for Defendants


Date: _____